UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| YETI Coolers, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>Imagen Brands, LLC, d/b/a Crown Products, and Ebsco Industries, Inc.,<br><br>    Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:<br><br>(1) TRADE DRESS DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;<br>(2) TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);<br>(3) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);<br>(4) TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);<br>(5) COMMON LAW TRADE DRESS INFRINGEMENT;<br>(6) COMMON LAW UNFAIR COMPETITION;<br>(7) COMMON LAW MISAPPROPRIATION; AND<br>(8) UNJUST ENRICHMENT.<br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiff, YETI Coolers, LLC ("YETI"), for its complaint against Imagen Brands, LLC, d/b/a Crown Products and Ebsco Industries, Inc. (collectively "Crown"), alleges as follows:

**The Parties**

1.      YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 5301 Southwest Parkway, Suite 200, Austin, TX 78735.

2.      Upon information and belief, Imagen Brands, LLC, is a corporation organized under the laws of the State of Alabama with a principal place of business at 3107 Halls Mills Road, Mobile, AL 36606, that does business under the name Crown Products, including through the web site http://www.crownprod.com/.

3.      Upon information and belief, Ebsco Industries, Inc., is a corporation organized under the laws of the State of Delaware with a principal place of business at 5724 Hwy 280 East, Birmingham, AL 35242.

**Jurisdiction and Venue**

4.      This is an action for trade dress dilution, trade dress infringement, unfair competition and false designation of origin, misappropriation, and unjust enrichment.  This action arises under the Texas Business & Commerce Code, the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("the Lanham Act"), federal common law, and state common law, including the law of Texas.

5.      This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

6.      This Court has personal jurisdiction over Crown because, *inter alia*, Crown is doing business in the State of Texas, including in this District.  For example, and as discussed in more detail below, (i) Crown's principal web site (as stated above) reaches into Texas, including this District, on which Crown has advertised, promoted, offered for sale, sold, and/or distributed, and continues to advertise, promote, offer for sale, sell, and/or distribute infringing products to customers and potential customers, (ii) Crown's tortious acts giving rise to this lawsuit are occurring in the State of Texas, including in this District, and (iii) Crown's customers and/or potential customers reside in the State of Texas, including in this District.

7.      Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(b) and (c).

## General Allegations – YETI's Trade Dress

8.      For many years, YETI has continuously engaged in the development, manufacture, and sale of premium, heavy-duty insulated drinkware.  YETI created unique, distinctive, and non-functional designs to use with YETI's insulated drinkware.  YETI has extensively and continuously promoted and used these designs for years in the United States and in Texas.  Through that extensive and continuous use, YETI's designs have become well-known indicators of the origin and quality of YETI's insulated drinkware products.  YETI's designs also have acquired substantial secondary meaning in the marketplace and have become famous.  As discussed in more detail below, YETI owns trade dress rights relating to the source identifying features of its insulated drinkware designs.

9.      Specifically, YETI sells insulated drinkware products, including the "YETI 30 oz. Rambler™ Tumbler" and the "YETI 20 oz. Rambler™ Tumbler," hereinafter referred to as "the Rambler™ Tumblers."  YETI has invested substantially in the design, development, manufacture, and marketing of the Rambler™ Tumblers.

10.     YETI has enjoyed significant sales of the Rambler™ Tumblers throughout the United States, including sales to customers in the state of Texas.  YETI has expended significant resources advertising and marketing the Rambler™ Tumblers.

11.     The Rambler™ Tumblers designs also have distinctive and non-functional features that identify to consumers that the origin of the Rambler™ Tumblers is YETI.  As a result of at least YETI's continuous and exclusive use of the Rambler™ Tumblers designs, YETI's marketing, advertising and sales of the Rambler™ Tumblers, and the highly valuable goodwill and substantial secondary meaning acquired as a result, YETI owns trade dress rights in the designs and appearances of the Rambler™ Tumblers, which consumers have come to uniquely associate with YETI.

12.     Illustration 1 below shows an exemplary image of a YETI 30 oz. Rambler™ Tumbler sold by YETI.

| Illustration 1:  Exemplary Image of a YETI 30 oz. Rambler™ Tumbler. |
|---|
|  |

13. YETI has trade dress rights in the overall look and appearance of the YETI 30 oz. Rambler™ Tumbler, including, but not limited to, the visual flow of the YETI 30 oz. Rambler™ Tumbler; the curves, tapers, and lines in the YETI 30 oz. Rambler™ Tumbler; the design, style, and appearance of these curves, tapers, and lines in the YETI 30 oz. Rambler™ Tumbler; the visual connection and relationship between the curves, tapers, and lines in the YETI 30 oz. Rambler™ Tumbler; the style, design, and appearance of design aspects of the YETI 30 oz. Rambler™ Tumbler; the design and appearance of the walls of the YETI 30 oz. Rambler™ Tumbler; the design and appearance of the rim of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the taper in the side wall of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the style line around the base of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the top plane of the lid of the

YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 30 oz. Rambler™ Tumbler; the color contrast and color combinations of the YETI 30 oz. Rambler™ Tumbler and the tumbler lid on the YETI 30 oz. Rambler™ Tumbler; and the overall look and appearance of the tumbler and the tumbler with the tumbler lid that YETI uses in connection with the YETI 30 oz. Rambler™ Tumbler.

14. Illustration 2 below shows an exemplary image of a YETI 20 oz. Rambler™ Tumbler sold by YETI.



**Illustration 2:  Exemplary Image of a YETI 20 oz. Rambler™ Tumbler.**

15. YETI has trade dress rights in the overall look and appearance of the YETI 20 oz. Rambler™ Tumbler, including, but not limited to, the visual flow of the YETI 20 oz. Rambler™ Tumbler; the curves, tapers, and lines in the YETI 20 oz. Rambler™ Tumbler; the design, style and appearance of these curves, tapers, and lines in the YETI 20 oz. Rambler™ Tumbler; the visual connection and relationship between the curves, tapers, and lines in the YETI 20 oz. Rambler™ Tumbler; the style, design and appearance of design aspects of the YETI 20 oz. Rambler™ Tumbler; the design and appearance of the walls of the YETI 20 oz. Rambler™ Tumbler; the design and appearance of the rim of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the taper in the side wall of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the style line around the base of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the tab on the lid of the YETI

20 oz. Rambler™ Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 20 oz. Rambler™ Tumbler; the color contrast and color combinations of the YETI 20 oz. Rambler™ Tumbler and the tumbler lid on the YETI 20 oz. Rambler™ Tumbler; and the overall look and appearance of the tumbler and the tumbler with the tumbler lid that YETI uses in connection with the YETI 20 oz. Rambler™ Tumbler.

16. As a result of YETI's exclusive, continuous and substantial use, advertising, and sales of insulated drinkware products bearing YETI's trade dress, and the publicity and attention that has been paid to YETI's trade dress, YETI's trade dress has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate them as source identifiers of YETI.

**General Allegations – Crown's Unlawful Activities**

17. Crown has purposefully advertised, promoted, offered for sale, sold, and distributed, and continues to advertise, promote, offer for sale, sell, and distribute tumblers that violate YETI's rights, including the rights protected by YETI's trade dress. Upon information and belief, Crown is also making such infringing products and/or importing such infringing products into the United States. Crown's infringing products are confusingly similar imitations of YETI's products and are in the same sizes as YETI's products. Crown's actions have all been without the authorization of YETI.

18. Illustrations 3 and 4 below show examples of Crown's infringing products.



| **Illustration 3:  Exemplary Image of Crown's 30 oz. Infringing Product.** |
|---|

| **Illustration 4:  Exemplary Image of Crowns' 20 oz. Infringing Product.** |
|---|

19. As a result of Crown's activities related to the infringing products, there is a strong likelihood of confusion between Crown and its products on the one hand, and YETI and its products on the other hand.

20. YETI used its trade dress extensively and continuously before Crown began advertising, promoting, selling, offering to sell, or distributing its infringing products. Moreover, YETI's trade dress became famous and acquired secondary meaning in the United States and in the State of Texas generally and in geographic areas in Texas before Crown commenced

unlawful use of YETI's trade dress.

21. As discussed above and as set forth in the counts below, Crown's actions are unfair and unlawful.

## Count I:
## Trade Dress Dilution under Tex. Bus. & Com. Code § 16.103

22. YETI realleges and incorporates the allegations set forth in paragraphs 1 through 21 as though fully set forth herein.

23. Crown's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products violate § 16.103 of the Texas Business & Commerce Code.

24. YETI's trade dress is entitled to protection under Texas law. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used its trade dress in the United States and in the State of Texas. Through that extensive and continuous use, YETI's trade dress has become famous and a well-known indicator of the origin and quality of YETI's insulated drinkware products in the United States and in the State of Texas generally and in geographic areas in Texas, and YETI's trade dress is widely recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of YETI and YETI's insulated drinkware products. YETI's trade dress also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas. Moreover, YETI's trade dress became famous and acquired this secondary meaning before Crown commenced its unlawful use of YETI's trade dress in connection with the infringing products.

25. Crown's use of YETI's trade dress and colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's insulated drinkware products, by associating YETI's trade dress with products of inferior quality, and by impairing the

distinctiveness of YETI's famous trade dress.

26.     Crown's use of YETI's trade dress, and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's tumbler products.

27.     On information and belief, Crown's use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Crown's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Crown's continuing disregard for YETI's rights.

28.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Crown's profits, actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

## Count II:
### Trade Dress Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

29.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 28 as though fully set forth herein

30.     Crown's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by infringing YETI's trade dress.  Crown's use of YETI's trade dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Crown with YETI and as to the origin, sponsorship, and/or approval of Crown's infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.

31.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and

continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Crown commenced its unlawful use of YETI's trade dress in connection with the infringing products.

32. Crown's use of YETI's trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's tumbler products.

33. On information and belief, Crown's use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Crown's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Crown's continuing disregard for YETI's rights.

34. YETI is entitled to injunctive relief, and YETI is entitled to recover at least Crown's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count III:
Unfair Competition and False Designation of Origin under § 43(a)
of the Lanham Act, 15 U.S.C. § 1125(a)**

35. YETI realleges and incorporates the allegations set forth in paragraphs 1 through 34 as though fully set forth herein.

36. Crown's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitute unfair competition and false designation of origin, at least because Crown has obtained an unfair advantage as compared to YETI through Crown's use of YETI's trade dress and because such uses are likely to cause consumer confusion as to the origin

and/or sponsorship/affiliation of Crown's infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.

37.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Crown commenced its unlawful use of YETI's trade dress in connection with the infringing products.

38.     Crown's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's tumbler products.

39.     On information and belief, Crown's use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Crown's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Crown's continuing disregard for YETI's rights.

40.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Crown's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count IV:**
**Trade Dress Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

41.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through

40 as though fully set forth herein.

42. Crown's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products violate § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

43. YETI's trade dress is entitled to protection under the Lanham Act. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI's trade dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trade dress in the United States. Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's insulated drinkware products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI and YETI's insulated drinkware products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress became famous and acquired this secondary meaning before Crown commenced its unlawful use of YETI's trade dress in connection with the infringing products.

44. Crown's use of YETI's trade dress is likely to cause, and has caused, dilution of YETI's famous trade dress, at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI and YETI's insulated drinkware products, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's insulated drinkware products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

45. Crown's use of YETI's trade dress has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's tumbler products.

46. On information and belief, Crown's use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious. Crown's bad faith is evidenced at

12

least by the similarity of its infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Crown's continuing disregard for YETI's rights.

47. YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Crown's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

## Count V:
## Common Law Trademark Infringement

48. YETI realleges and incorporates the allegations set forth in paragraphs 1 through 47 as though fully set forth herein.

49. Crown's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law trade dress infringement, at least because Crown's use of YETI's trade dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of its infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.

50. YETI's trade dress is entitled to protection under the common law. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used its trade dress in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress acquired this secondary meaning before Crown commenced its unlawful use of YETI's trade dress in connection with its infringing products.

51. Crown's use of YETI's trade dress, and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the

goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's tumbler products.

52. On information and belief, Crown's use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious. Crown's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Crown's continuing disregard for YETI's rights.

53. YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Crown's profits, punitive damages, costs, and reasonable attorney fees.

## Count VI:
## Common Law Unfair Competition

54. YETI realleges and incorporates the allegations set forth in paragraphs 1 through 53 as though fully set forth herein.

55. Crown's advertisements, promotions, offers to sell, sales, and/or distribution of its infringing products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of Crown's goods, by simulating YETI's trade dress in an intentional and calculated manner that is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of Crown's infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI. Crown has also interfered with YETI's business.

56. YETI's trade dress is entitled to protection under the common law. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress acquired this secondary meaning before Crown commenced its unlawful use of

YETI's trade dress in connection with its infringing products.

57. Crown's use of YETI's trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's tumbler products.

58. On information and belief, Crown's use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious. Crown's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Crown's continuing disregard for YETI's rights.

59. YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Crown's profits, punitive damages, costs, and reasonable attorney fees.

## Count VII:
## Common Law Misappropriation

60. YETI realleges and incorporates the allegations set forth in paragraphs 1 through 59 as though fully set forth herein.

61. Crown's advertisements, promotions, offers to sell, sales, and/or distribution of its infringing products, in direct competition with YETI, constitute common law misappropriation.

62. YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money. Crown has wrongfully used YETI's trade dress, and/or colorable imitations thereof in competition with YETI and gained a special advantage because Crown was not burdened with the expenses incurred by YETI. Crown has commercially damaged YETI, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of Crown's infringing products, by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

63. YETI's trade dress is entitled to protection under the common law. YETI's trade

dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress acquired this secondary meaning before Crown commenced its unlawful use of YETI's trade dress in connection with its infringing products.

64. Crown's use of YETI's trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's tumbler products. Moreover, as a result of its misappropriation, Crown has profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time, effort, and money that YETI invested in establishing the reputation and goodwill associated with YETI's trade dress with YETI and YETI's tumbler products.

65. Crown's misappropriation of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious. Crown's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Crown's continuing disregard for YETI's rights.

66. YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Crown's profits, punitive damages, costs, and reasonable attorney fees.

### Count VIII: Unjust Enrichment

67. YETI realleges and incorporates the allegations set forth in paragraphs 1 through 66 as though fully set forth herein.

68.     Crown's advertisements, promotions, offers to sell, sales, and/or distribution of its infringing products, in direct competition with YETI, constitute unjust enrichment, at least because Crown has wrongfully obtained benefits at YETI's expense. Crown has also, inter alia, operated with an undue advantage.

69.     YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money. Crown has wrongfully used and is wrongfully using YETI's trade dress, and/or colorable imitations thereof, in competition with YETI, and have gained and are gaining a wrongful benefit by undue advantage through such use. Crown has not been burdened with the expenses incurred by YETI, yet Crown is obtaining the resulting benefits for its own business and products.

70.     YETI's trade dress is entitled to protection under the common law. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress acquired this secondary meaning before Crown commenced its unlawful use of YETI's trade dress and colorable imitations thereof in connection with its infringing products.

71.     Crown's use of YETI's trade dress, and/or colorable imitations thereof, has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's tumbler products. YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment. Crown has wrongfully obtained and is wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill

and reputation.

72.     Crown's unjust enrichment at YETI's expense has been intentional, willful, and malicious.  Crown's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Crown's continuing disregard for YETI's rights.

73.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Crown's profits.

## DEMAND FOR JURY TRIAL

74.     YETI hereby demands a jury trial on all issues so triable.

## Relief Sought

WHEREFORE, Plaintiff respectfully prays for:

1.     Judgment that Crown has (i) diluted YETI's trade dress in violation of Tex. Bus. & Com. Code § 16.103; (ii) infringed YETI's trade dress in violation of § 1125(a) of Title 15 in the United States Code; (iii) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (iv) diluted YETI's trade dress in violation of § 1125(c) of Title 15 in the United States Code; (v) violated YETI's common law rights in YETI's trade dress; (vi) engaged in common law unfair competition; (vii) engaged in common law misappropriation; and (viii) been unjustly enriched at YETI's expense, and that all of these wrongful activities by Crown were willful;

2.     An injunction against further infringement and dilution of YETI's trade dress, further acts of unfair competition, misappropriation, and unjust enrichment by Crown, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, importing, or advertising Crown's infringing products, or any other products that use a copy,

reproduction, or colorable imitation of YETI's trade dress, pursuant to at least 15 U.S.C. § 1116 and Tex. Bus. & Com. Code § 16.104;

3. An Order directing Crown to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

4. An Order directing the destruction of (i) all infringing products, including all recalled infringing products, (ii) any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress in Crown's possession or control, (iii) all plates, molds, and other means of making the infringing products in Crown's possession, custody, or control, and (iv) all advertising materials related to the infringing products in Crown's possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5. An Order directing Crown to publish a public notice providing proper attribution of YETI's trade dress to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the infringing products are recalled;

6. An Order barring importation of the infringing products and/or colorable imitations thereof into the United States, and barring entry of the infringing products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

7. An award of Crown's profits, YETI's actual damages, enhanced damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1125(a), 11125(c), 1116, and 1117 and Tex. Bus. & Com. Code § 16.104; and

8. Such other and further relief as this Court deems just and proper.

Dated:  May 16, 2016                              Respectfully submitted,


                                                        By: */s/ Kevin J. Meek*
Kevin J. Meek
Texas Bar No. 13899600
kevin.meek@bakerbotts.com
Baker Botts L.L.P.
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Telephone: (512) 322-2639
Facsimile: (512) 322-8385

Joseph J. Berghammer (*pro hac vice forthcoming*)[1]
Illinois Bar No. 6273690
jberghammer@bannerwitcoff.com
Sean Jungels (*pro hac vice forthcoming*)
Illinois Bar No. 6303636
sjungels@bannerwitcoff.com
Banner & Witcoff, Ltd.
Ten South Wacker Drive
Suite 3000
Chicago, IL 60606-7407
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR YETI COOLERS, LLC**

---

[1] Mr. Berghammer and Mr. Jungels are aware and mindful of this Court's April 18, 2016 Orders in case nos. 16-cv-00456 (ECF No. 16) and 16-cv-00457 (ECF No. 11), and April 21, 2016 Order in case no. 16-cv-00454 (ECF No. 14). Counsel have filed applications for admission to the Western District of Texas, which are currently pending. Counsel understand from the Court that because they have filed these applications for admission, they may, while they are pending, file for pro hac vice admission in the interim.